IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WOODBURCK NOE, #148475, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:09-CV-511-ID |
| ) | [WO] |
| ) | |
| ALABAMA DEPT. OF CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This civil action is before the court on a 42 U.S.C. § 1983 complaint filed by Woodburck Noe ["Noe], a state inmate and frequent litigant in this court. In this complaint, Noe challenges his exposure to second hand smoke at the Bullock County Correctional Facility ["Bullock"].

Upon initiation of this case, Noe filed a motion for leave to proceed *in forma pauperis* pursuant to the provisions of 28 U.S.C. § 1915(a). *Plaintiff's Application to Proceed Without Prepayment of Fees - Court Doc. No. 2*. However, under the directives of 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical

injury."[1]

The records of this court establish that Noe, while incarcerated, has on at least seven occasions had 42 U.S.C. § 1983 cases dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915. The cases on which the court relies in finding a violation of the directives of § 1915(g) by Noe are as follows: (1) *Noe v. McGraw*, Civil Action No. 2:95-CV-1195-T (M. D. Ala. 1995), (2) *Noe v. James*, Civil Action No. 2:94-CV-928-T (M.D. Ala. 1994), (3) *Noe v. Hunt, et al.*, Civil Action No. 2:94-CV-86-A (M.D. Ala. 1994), (4) *Noe v. Boyd, et al.*, Civil Action No. 2:92-CV-1350-A (M.D. Ala. 1992), (5) *Noe v. Hunt, et al.*, Civil Action No. 2:92-CV-977-D (M.D. Ala. 1992), (6) *Noe v. Hunt, et al.*, Civil Action No. 2:92-CV-711-H (M.D. Ala. 1992), and (7) *Noe v. Hunt, et al.*, Civil Action No. 2:92-CV-565-H (M.D. Ala. 1992).[2]

In the complaint now before the court, Noe maintains that despite regulations which bar smoking inside of all buildings within the Alabama prison system inmates at Bullock

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216, 127 S.Ct. at 921.

[2] The requisite dismissals are indicated on the docket sheets maintained by this court in the referenced cases.

defy these rules and smoke inside the facility. *Plaintiff's Complaint - Court Doc. No. 1* at 2-3 ("It very well can be expected inmates will smoke regardless of a policy being [in place as inmates are] generally criminally minded to violate rules...."). Noe further asserts that when inmates smoke outside of the buildings in accordance with the directives of the no smoking policy the air is polluted by the smoke. *Id*. at 3. Noe complains that such actions result in his exposure to second hand smoke which may lead to the development of sickness or cancer thereby allegedly resulting "in extreme peril as to [his] health besides being a threat of serious physical injury." *Id*.

The self-serving, conclusory allegations made the basis of the instant complaint fail to demonstrate that Noe was "under imminent danger of serious physical injury" at the time he filed this complaint as is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (a prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present imminent danger to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)). The potential health concerns presented by Noe are purely speculative and not supported by any objective evidence. Based on the foregoing, the court concludes that Noe's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as Noe failed to pay the requisite filing fee upon the initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)(emphasis in original) ("[T]he proper procedure is for the

district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he ***initiates*** the suit.").

## CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Woodburck Noe on June 1, 2009 (Court Doc. No. 2) be and is hereby DENIED. Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Noe's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that on or before June17, 2009 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 4th day of June, 2009.

                                        /s/Charles S. Coody
                                  CHARLES S. COODY
                                  UNITED STATES MAGISTRATE JUDGE